Cause No. 7759-A

EX PARTE                          §        IN THE 259th DISTRICT COURT

                                  §        JONES COUNTY, TEXAS

                                  §

ROQUE BALDERAS                    §        HON. BROOKS HAGLER

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 04 2015
Abel Acosta, Clerk

## RESPONSE TO RECOMMENDATION TO DENY RELIEF

COMES NOW APPLICANT ROQUE BALDERAS in response to the order of the court recommending denial of relief of Balderas' application for writ of habeas corpus.

### SUMMARY

Balderas applied for relief in an application for writ of habeas corpus on the ground that his sentence of two years on cause No. 7759 is already discharged. The State alleges, and the court presumably agrees, that Balderas was ordered to serve the two year sentence consecutively with his original sentence of twenty years. In other words, the two year sentence would begin upon completion of his original twenty year sentence. In support of this position, the State, and presumably the court, relies on pages 2 and 3 of the judgment. (attached, marked as 41 and 42 at bottom right corner) These pages order Balderas to serve the two year sentence consecutively with his original twenty year sentence.

Balderas only discovered the additional pages to the judgment upon receiving the packet from the district clerk, mailed to him on May 18, 2015. Having read these additional pages, Balderas understands the State's position, but disagrees for the following reasons.

### ARGUMENT

On November 10, 1998, Balderas appeared in court and reached a

plea agreement with the State. In this agreement, it was agreed Balderas would receive "time credit back to the date of offense, flat time, time served, not subject to forfeiture". See attached agreement marked 34 on bottom right corner. The agreement is signed by Balderas, the attorney for the State, and the presiding judge. The agreement is dated November 10, 1998.

"Time served" is commonly used to mean that the sentence is finished, especially when a defendant agrees to plead guilty in exchange for "time served". The language of the written-in sentence of the agreement clearly indicates that the parties were attempting to avoid any confusion of the fact that the sentence was concluded. Nowhere is it stated that the time applies to any other sentence, applies after the conclusion of any other sentence, nor is any other cause or sentence referred to. Nowhere does the record show that the State intended, at the time, that the sentence be served consecutively, nor does the court make any mention of it.

[A] constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. Santobello v. New York, 404 US 257, 30 L.Ed 2d 427, 92 S.Ct. 495, 499 (1971). "Time served" was part of the promise and inducement for Balderas to plead guilty, and he and the other parties agreed to it.

Plea bargain agreements are contractual in nature, and are to be construed accordingly. They bind the parties, and, more important-antly, the court, too, is bound once [it] accepts the plea agreement. US v. Garcia, 606 F.3d 209 (5th Cir. 2010)

Because contract law controls the plea agreement, the hand-written

2

notes control, and any vague or ambiguous terms are construed more favorably to the person to whom they are offered. See generally Blackstone's Volume I, Law - Its Origin, Nature and Development & Contracts.

The pages referred to by the State (attached as 41 and 42), signed on November 12, 1998 by the judge, are not part of the contract, and in fact have no other signatories. The judge was obligated to hold to the agreement reached in court, that he signed, so the portion of the judgment requiring Balderas to serve the sentence consecutively must be removed.

Alternatively, because the plea agreement was violated, Balderas should be allowed to withdraw his plea of guilty.

## PRAYER

Balderas prays this court grant his application for writ of habeas corpus, issue the writ, and order him released from the Texas Department of Criminal Justice.

Respectfully,                6-1-2015

Roque Balderas, pro se
TDCJ# 752345
264 FM 3478
Huntsville, TX
77320

CAUSE NO. 7759

THE STATE OF TEXAS
VS.
ROQUE BALDERAS

IN THE 259TH DISTRICT
COURT OF
JONES COUNTY, TEXAS

## JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT WAIVER OF JURY TRIAL

Judge Presiding: **QUAY F. PARKER**          Date of Judgment: **NOVEMBER 10, 1998**

Attorney
for State: **WILLIAM JUVRUD**

Attorney for
Defendant: **SCOTT FERGUSON**

Offense Convicted of:                    **ESCAPE**
**Section 38.01 et seq. Texas Penal Code**

Degree: **3RD DEGREE**

Date Offense
Committed: **JULY 12, 1996**

Charging
Instrument: **INDICTMENT**                    Plea: **GUILTY**

Terms of Plea
Bargain (In Detail) : **TWO (2) yrs. TDCJ-ID; $184.25 to be laid out at $50/day; credit for
flat time served from date of offense - not subject to forfeiture**

Plea to Enhancement
Paragraph(s)     :**TRUE**

Findings on
Enhancement: **TRUE**

Findings on Use
of Deadly Weapon    : **NONE**

Date Sentence
Imposed          : **NOVEMBER 10, 1998**                    Costs: **$184.25**

Punishment and
Place of confinement: **TWO (2) YEARS TDCJ-ID**

Date to Commence: **SEE BELOW**

Time Credited: **07/12/96 through 11/10/98 inclusive**

FILED
AT_____2 O'CLOCK___P__M.
_12_DAY OF _Nov_ 19_98_

Nona Carter
DISTRICT CLERK, JONES CO. TEXAS
By_____ Deputy

SCANNED

VOTE BOOK
11-12-98 32/179

40

Total Amount of RESTITUTION:    - 0 -
                    ATTY FEE:   - 0 -
                    MEDICAL:    - 0 -
                       COST:    $184.25

**THIS SENTENCE IS TO BE SERVED CONSECUTIVELY WITH ANY SENTENCE CURRENTLY BEING SERVED**

This day the above entitled and numbered cause having been called for trial, the State appeared by her District Attorney **WILLIAM JUVRUD**, and the Defendant, **ROQUE BALDERAS**, appeared both in person and by his appointed counsel **SCOTT FERGUSON**; and the Defendant having elected to waive a jury herein and submit all matters of both law and fact to the Court, in person, in writing, in open court duly represented by counsel and upon entering his plea of **GUILTY**, requested that a trial by jury be waived and this case tried by and before the court; and the said attorney representing the state, having properly filed in the papers hereof prior to the entry of the Defendant's plea of **GUILTY** herein, his consent and approval in writing and written agreement, duly signed, whereby the State agreed that the Defendant be permitted to so waive a jury herein and submit all matters to the Court, and the Court having likewise, also, given its consent and approval thereto in writing signed and filed herein, and here now entered in the minutes, a jury was in all things duly waived and this cause tried before the Court.

The State and Defense in open court having announced ready for trial, the Defendant, in open court, and in person, properly represented by counsel, pled **GUILTY** to the charge contained in the indictment filed herein; the Defendant having waived in writing the ten day preparation for trial thereupon the Court admonished the Defendant of the consequences of said plea of **GUILTY** but the Defendant persisted in pleading **GUILTY** and the Defendant plainly appearing to the Court to be sane, and uninfluenced in making said plea by any consideration of fear, or by any persuasion, or delusive hope of pardon prompting the Defendant to confess his guilt, the said plea of **GUILTY** is by the Court received and here now entered of record upon the minutes of the court as the plea of Defendant herein; and the Defendant having waived the reading of the indictment in open court, the State proceeded to introduce evidence into the record of this cause showing the guilt of the Defendant; and the said evidence being accepted by the Court as a basis for its judgment, and the Court considering the same sufficient to support the Defendant's plea of **GUILTY** of the charge as alleged in the indictment to which the Defendant entered such plea, the Court finds the Defendant to be **GUILTY** of the charge as alleged in the indictment filed herein, to which the Defendant entered his plea of **GUILTY** and finds the Defendant to be **GUILTY** of the offense of **ESCAPE**, that the said Defendant committed said offense on **JULY 12, 1996.**

IT IS THEREFORE **CONSIDERED, ORDERED** and **ADJUDGED** by the Court that the Defendant **ROQUE BALDERAS** is **GUILTY** of the offense of **ESCAPE**, as confessed by the Defendant in the Defendant's plea of **GUILTY** herein made to the Court, and that the said Defendant be punished by confinement in the Texas Department of Criminal Justice-Institutional

Division for a term of **TWO (2) YEARS,** and that the State of Texas do have and recover of the said Defendant all costs in this prosecution expended for which execution may issue.

Thereupon the said Defendant was asked by the Court whether he had anything to say why said sentence should not be pronounced against him, and he answered nothing in bar thereof, and it appearing to the Court that the Defendant is mentally competent and understanding of the English language, the Court proceeded in the presence of said Defendant, his counsel also being present, to pronounce sentence against him as follows:

IT IS THE **ORDER** OF THE COURT that said Defendant **ROQUE BALDERAS,** who has been adjudged to be **GUILTY** of **ESCAPE** and whose punishment has been assessed by the Court at confinement in the Texas Department of Criminal Justice-Institutional Division for **TWO (2) YEARS,** be remanded to the Director of the Texas Department of Criminal Justice-Institutional Division or other persons legally authorized to receive such convicts and said Defendant shall be confined in said Texas Department of Criminal Justice-Institutional Division for **TWO (2) YEARS,** in accordance with the provisions of the law governing the Texas Department of Criminal Justice-Institutional Division, and the Defendant is remanded to the custody of the Texas Department of Criminal Justice-Institutional Division until the directions of this sentence can be obeyed.

| | |
|---|---|
| Court Costs: | **$ 184.25** |
| Court-Appointed Attorney's Fee: | **$ -0-** |
| Fine: | **$ -0-** |
| Restitution: | **$ -0-** |

THE CLERK OF THE COURT IS **ORDERED** TO (1) send a copy of this order to the defense attorney:

> **Mr. Scott Ferguson - State Counsel for Offenders**
> **Texas Department of Criminal Justice**
> **P.O. Box 4005**
> **Huntsville, Texas 77342-4005**

(2) send a copy of this order to the District Attorney, Gary M. Brown, P. O. Box 507, Anson, Texas 79501, and (3) send a copy of this order to the Special Prosecutor, William Juvrud, 304 W. 6th, Plainview, Texas 79072.

_____
**PRESIDING JUDGE**

Notice of Appeal: _____

_Nov. 12, 1998_
**DATE SIGNED**

**JUDG6.22**
**attachment:**

**43**

NO. 7759

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 259TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| ROQUE BALDERAS | § | JONES COUNTY, TEXAS |

## STIPULATION OF EVIDENCE

COMES NOW, Roque Balderas, the defendant in the above styled cause, in writing in open court, and consents to the stipulation of the evidence in this case and in so doing expressly waives the appearance, confrontation and cross-examination of witnesses. I further consent to the introduction of testimony by affidavits, written statements of witnesses and other documentary evidence. Accordingly, having waived my Federal and State constitutional right against self-incrimination and after having been sworn, upon oath, I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case:

That I, **Roque Balderas**, defendant in this cause, did then and there on the 12th day of July, 1996, in Jones County, Texas, intentionally and knowingly escape from the custody of Robert Lampert, who was then and there Warden of the Middleton Unit of the Texas Department of Criminal Justice, Institutional Division, when the said Defendant was convicted of the offense of Murder, a felony.

_____
Defendant

SWORN TO AND SUBSCRIBED before me, the undersigned authority, on this the 10 day of November, A.D., 1998.

_____
Clerk, District Court
Jones County, Texas

Approved:

_____
Attorney for Defendant

Approved by the Court:

_____
Judge Presiding

FILED
AT 11 O'CLOCK a M
10 DAY OF Nov 19 98.

Nona Carter
DISTRICT CLERK, JONES CO. TEXAS
By_____ Deputy

SX-1

[D] [N]

Page 1

33

NO. 7759

| THE STATE OF TEXAS | § | IN THE 259TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| ROQUE BALDERAS | § | JONES COUNTY, TEXAS |

STATEMENT OF PLEA BARGAIN

TO THE HONORABLE JUDGE OF SAID COURT:

The Defendant, his attorney and the District Attorney represent to the Court that the Defendant intends to enter a plea of guilty in the above styled and numbered cause and that the following plea bargain has been reached: _2_ years confinement in the Texas Department of Criminal Justice, Institutional Division + $_194.25_ court costs. With Time credit back To the date of ~~indictment~~ Offense, Flat Time, Time served, not subject To Forfeiture.

_____
DEFENDANT

_____
SPECIAL PROSECUTOR

_____
ATTORNEY FOR DEFENDANT

APPROVED:

DATED: _November 10, 1998_

_____
JUDGE PRESIDING

FILED
AT 11 O'CLOCK a M.
10 DAY OF Nov 19 98

Nona Carter
DISTRICT CLERK, JONES CO. TEXAS
By_____Deputy

[D] [N]

Page 2

34

NO. 7759

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 259TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| ROQUE BALDERAS | § | JONES COUNTY, TEXAS |

## WAIVER OF JURY TRIAL

Comes now the Defendant in the above styled and numbered cause, and in open Court makes known that he will enter a Plea of Guilty to the charge herein, and requests the consent and approval of the Court and the Attorney for the State to waive the right to trial by a Jury herein. And the Defendant further waives the ten-day period for trial, after appointment of counsel.

_____
Attorney for Defendant

_____
Defendant

## AGREEMENT TO STIPULATE TESTIMONY

This day, in open Court the Defendant in the above styled and numbered cause and his counsel and the State's Attorney do hereby enter into an agreement that the Defendant waives the appearance, confrontation, and cross-examination of witnesses in this cause and agrees that the testimony of said witnesses may be stipulated into the record by the State's Attorney; such testimony being the same as the witnesses would give if they were present in Court and were testifying under oath, and the Defendant further consents to the introduction of testimony by affidavit, written statements of witnesses, and all other documentary evidence that may be introduced by the State.

_____
Attorney for Defendant

_____
Defendant

Before the said Defendant enters his Plea herein, each of the above requests of the Defendant herein are hereby consented to, and approved by me, the Attorney representing the State herein.

_____
Special Prosecutor

The above and foregoing Waiver of Jury Trial and Agreement to Stipulate Testimony of the Defendant herein having been duly considered by the Court, and it appearing to the Court that the Defendant is herein charged with a felony, that the Defendant is represented by counsel, and that the Attorney representing the State herein has given consent and approval to same, that the Defendant has waived the ten-day waiting period for trial, after appointment of counsel, therefore Consent and Approval of the Court is hereby given to such procedure.

[D] [N]

FILED
AT ___ 11 O'CLOCK a M.
10 DAY OF Nov 19 98

Page 3

Nona Carter
DISTRICT CLERK, JONES CO. TEXAS
By_____ Deputy

35

_____
Judge Presiding

36